# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CLEO WILLIS, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1108 CDP |
| | ) | |
| JUANITA BUCKNER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Cleo Willis, Sr., for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

## The Complaint

Plaintiff brings this action under the Fair Housing Act, 42 U.S.C. §§ 3601-31. Juanita Buckner is plaintiff's landlord. Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that he has rented an apartment from defendant for at least nine years. According to plaintiff, there is extensive damage to the apartment: the roof leaks in several areas, rain has damaged the electrical system, there is a "huge hole" in his closet that allows rain in, and the furnace does not work. Plaintiff claims that the lights on the back stairs do not work as a result of electrical system damage and that he has injured himself as a result.

Plaintiff says that on July 11, 2009, defendant told him he owed $25 in late charges. Plaintiff says that he told defendant that his rent had been paid already and that he complained to her about the conditions of the apartment. Plaintiff claims that, during this conversation, defendant told him he could remain at the apartment "until the biulding [*sic*] cave[s] in."

Plaintiff alleges that on July 13, 2009, the day before his rent was due, defendant ordered plaintiff to move out of the apartment. Plaintiff maintains that the order was given in retaliation for his having complained about the apartment's state of disrepair.

In the complaint, plaintiff states, "I feel that I'm being discriminated against by [defendant] because of sex differences." Plaintiff says that the other tenants in the building have not been ordered to leave.

**Discussion**

The Fair Housing Act states: "it shall be unlawful . . . [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Thus, sex is an impermissible factor in an apartment rental decision.

The majority of plaintiff's allegations demonstrate only that defendant may be a poor and mean landlord. Plaintiff's only allegation that might demonstrate liability under the Fair Housing Act is that defendant "discriminated against" him "because of sex differences." This allegation is nothing more than a "[t]hreadbare recital[] of a cause of action's elements" and is not entitled to an assumption of truth. Iqbal, 129 S. Ct. at 1949. Because there are no non-conclusory allegations that would show that defendant ordered plaintiff to leave his apartment because of his sex, the complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Twombly, 550 U.S. at 557; Iqbal, 129 S. Ct. at 1949. Additionally, plaintiff's allegation that defendant discriminated against him because of his sex is not the most

plausible conclusion in light of the fact that she rented the apartment to him for at least nine years.  C.f. Iqbal, 129 S. Ct. at 1950, 1951-52.  As a result, the Court will dismiss this action for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of July, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE